(No. 4355-

LENORA CHAVIS, A MINOR, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 10, 1951.*
*Supplemental opinion filed March 31, 1953.*

DON SCOTT AND ALPHEUS GUSTIN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Lenora Chavis, a minor, by and through her mother and next friend, Marcella Gibbs, filed her claim on October 16, 1950. The decedent, Jerome Chavis, was employed by the respondent in the Department of Public Works and Buildings, Division of Highways, at the time of his death. On September 15, 1950 Mr. Chavis was one of a group of men employed in placing temporary patches on the concrete pavement of U. S. Route No. 45 in Saline County. At approximately 11:45 A.M. on that date, the Division of Highway's truck, which was used to transport men and materials, was stopped facing south in the lane for south bound traffic. The point was south of a break in the pavement, and approximately one mile south of the Village of Carrier Mills. Mr. Chavis and a fellow employee were removing broken concrete preparatory to filling the hole with a mixture of gravel and bituminous material. A third employee was stationed a short distance north of the group to direct traffic past the point of operations. The operator of a car approaching from the north failed to respond to the flagman's signal to slow down, and drive past the workmen. Instead, the operator of the car drove straight ahead, and struck Mr. Chavis. Mr. Chavis was thrown into the Division truck, and then over to the highway shoulder. A passing motorist took Mr. Chavis to the Harrisburg Hospital, Harrisburg, Illinois, where Dr. W. J. Blackard was placed in charge of the case. Mr. Chavis died suddenly

the following morning, September 16, 1950, from an embolus.

During the year immediately preceding his death, Mr. Chavis earned the sum of $2,376.00. Mr. Chavis was paid full salary for September 16, 1950, only, in the amount of $6.60. The Division has paid the Harrisburg Hospital $246.00 for its services to Mr. Chavis. Dr. W. J. Blackard is a staff employee of the Harrisburg Hospital, and his fee is included in the hospital charge.

The record consists of the complaint, Departmental Report, transcript of evidence and claimant's exhibits Nos. 1 and 2.

No jurisdictional questions are presented by the record, and it is admitted by stipulation that decedent's injuries arose out of and in the course of his employment.

Decedent had one child under 18 years of age dependent upon him for support.

Under the provisions of Section 7 (a) of the Workmen's Compensation Act, the amount of compensation to be paid for an accidental injury resulting in death shall be $4,000.00. Since the death occurred subsequent to July 1, 1949, this must be increased 50%, making a total of $6,000.00.

The compensation rate is the maximum of $15.00 per week, which also must be increased 50%, or the sum of $22.50 per week.

An award is, therefore, made to claimant, Lenora Chavis, in the amount of $6,000.00, less the sum of $6.60 for non-productive time, or a total award of $5,993.40, payable to Marcella Gibbs (mother and next friend of claimant, Lenora Chavis, a minor, and for her use and benefit), as follows:

$662.13, which has accrued, and is payable forthwith;
$5,331.27, is payable in weekly installments of $22.50, commencing on April
17, 1951 and continuing 236 weeks, with a final payment of $21.27.

The testimony was taken and transcribed by Donna J. Wirth, who made charges therefor in the amount of $9.75. These charges appear reasonable and proper.

An award is, therefore, entered in favor of Donna J. Wirth in the amount of $9.75, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".

---

### SUPPLEMENTAL OPINION

LANSDEN, J.

On April 10, 1951, an award was entered in favor of claimant for the net amount of $5,993.40 under the Workmen's Compensation Act for the death of her father.

On October 17, 1952, respondent filed a motion, accompanied by a stipulation, to modify said award by reason of the fact that a settlement had been made with the third party, who negligently caused the death of claimant's father. No payments have been made under said award since the motion was filed.

It is the established rule in this Court that, when a settlement is received from a third party, an award to a claimant under the Workmen's Compensation Act must be reduced accordingly. *Wood* vs. *State*, 19 C.C.R. 161; *Pulley* vs. *State*, No. 4413, supplemental opinion filed June 11, 1952.

However, the stipulation of facts herein is approved in part and disapproved in part, and the award will be modified, as hereinafter provided, in accordance with an investigation, which the Court caused to be made on its own motion.

Out of the total settlement of $4,200.00, only $3,650.00 is chargeable to claimant. The remaining $550.00 was paid to a purported heir of the deceased with the approval of the County Court of Saline County, Illinois. Such purported heir was denied participation in our award by an order entered July 8, 1952.

The sum of $2,304.63 was paid to claimant before payments were stopped, leaving a balance of $3,688.77. From this latter sum should be deducted the sum of $3,650.00 chargeable to claimant, leaving a balance due on the award of $38.77.

However, further payments cannot be made until the total sum of $5,954.63 has accrued. *Kays* vs. *State*, 18 C.C.R. 127; *Hester* vs. *State*, No. 4435, opinion filed January 8, 1952. We calculate that the sum of $5,954.63 will accrue on November 11, 1955.

The award heretofore made is modified by providing that no further payments shall be made thereunder until one week after November 11, 1955, at which time $22.50 can be paid to claimant, plus payment the following week of one final payment of $16.27, which will completely liquidate respondent's liability under the award as modified.

Jurisdiction of this case is specifically reserved for the entry of such further orders as may be necessary.